UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL OATIS,

                Petitioner,                 Case No. 1:08-cv-1050

v.                                   Honorable Paul L. Maloney

PATRICIA L. CARUSO,

                Respondent.

_____/

## OPINION

      This is a habeas corpus action brought by a federal prisoner pursuant to 28 U.S.C. § 2241.[1]  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4

---

[1] A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus.  All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners.  Most state prisoners' applications for writs of habeas corpus also are subject to § 2254.  "That is, if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254.  If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254."  *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003).  Here, because Petitioner is the subject of a state-court detainer filed with the Federal Bureau of Prisons, he arguably is subject to a state-court restriction other than a final judgment.  His action, therefore, may properly be brought pursuant to § 2241.  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 & n.4 (1973) (recognizing that § 2241 provides a remedy to challenge a detainer issued by one sovereign and recognized by a different sovereign who has the prisoner in custody on another offense).  Nevertheless, the procedural requirements applicable under § 2254 apply to petitions brought pursuant to § 2241.  *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001).

includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

<u>**Discussion**</u>

I.     <u>Factual allegations</u>

Petitioner currently is serving a federal prison sentence at a Federal Correctional Institution in Butner, North Carolina (FCI-Butner).  In his application, Petitioner does not provide any information regarding his federal sentence except that he has less than 18 months remaining on that federal sentence.  (Pet. at 4, docket #1.)  Petitioner is not challenging the validity of the federal prison sentence that he presently is serving.  Rather, Petitioner challenges a warrant and detainer issued against him by the Michigan Department of Corrections (MDOC) for a parole violation, which is affecting his ability to enter into a Bureau of Prisons (BOP) rehabilitative program.  (*Id.* at 2.)

On February 14, 1997, the Berrien County Circuit Court sentenced Petitioner to imprisonment of five to twenty-five years on a conviction of assault with the intent to rob while armed.  (Pet. at 3.)  The MDOC paroled Petitioner on September 4, 2002 to the Kansas Department of Corrections.[2]  (*Id*. at 3-4.)  On April 15, 2004, the Kansas Department of Corrections released Petitioner on parole.  (Ex. 1 to Pet.)  When Petitioner completed the Kansas parole term, the Kansas parole officer allegedly told him that Michigan's parole term also ended.  (Pet. at 4.)  The MDOC,

---

[2]According to the MDOC Offender Tracking Information System (OTIS), Petitioner is on supervised release until March 11, 2022.  (Ex. 1 to Pet.)

however, issued a Parole Violation Warrant for Petitioner.  (Ex. 1 to Pet.)  Thereafter, Petitioner was convicted in federal district court.  (Pet. at 4.)

Petitioner alleges that the Parole Violation Warrant is adversely affecting his eligibility for certain benefits, which might otherwise be available to him as a BOP prisoner, including placement in a halfway house.  (*Id.* at 4-5.)  Petitioner seeks a declaratory judgment "to reinstate his [p]arole so that he can successfully obtain Halfway House placement and complete the execution of his sentence [in] accordance with his due process right[s]."  (*Id.* at 5.)

II.     Failure to exhaust available state-court remedies

Petitioner claims that the MDOC violated his due process rights by executing an invalid Parole Violation Warrant, which has affected his right to enter into a BOP rehabilitative program. Petitioner's claim that he is not guilty of a Michigan parole violation is not ripe for review.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve

- 3 -

any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  According to his petition, Petitioner did not exhaust any of his available state-court remedies.  The Supreme Court has recognized a parolee's due process right to adequate procedures leading up to the revocation of parole.  *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).  However, a petitioner must exhaust state remedies for these claims.  28 U.S.C. § 2254(b); *see Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner had exhausted all state remedies before bringing habeas action); *Brewer v. Dahlberg*, 942 F.2d 328, 337 (6th Cir. 1991) (dismissing challenge to state parole revocation because state remedies were arguably available).  The federal habeas court will require exhaustion only if there is some "reasonable probability" that a state remedy is available.  *Witzke v. Withrow*, 702 F. Supp. 1338, 1349 (W.D. Mich. 1988) (citing *Powell v. Wyrick,* 657 F.2d 222, 224 (8th Cir. 1981)).  A Michigan prisoner contesting his parole revocation may seek judicial review of his parole revocation under the Administrative Procedures Act, or file a petition for state habeas corpus relief.[3]

Parole revocations are subject to direct review under Michigan's Administrative Procedures Act,  MICH. COMP. LAWS § 24.304(1).  *See Penn v. Dep't of Corr.*, 298 N.W.2d 756,

---

[3]Michigan prisoners no longer have the ability to appeal a parole denial.  *See* MICH. COMP. LAWS  § 791.234(9) (as amended by 1999 Mich. Pub. Acts 191).  However, the amendments to the statute did not eliminate a prisoner's right to appeal a decision regarding parole revocation.

757-58 (Mich. Ct. App. 1980) (noting that the MDOC is an agency for purposes of the Administrative Procedures Act and that a parole revocation proceeding is a contested case that triggers application of the Administrative Procedures Act); *Witzke*, 702 F. Supp. at 1348-349. Under the Administrative Procedures Act, a prisoner may file a petition in circuit court to appeal a final decision of the parole board within sixty days after the date of mailing notice of the agency's final decision. *See* MICH. COMP. LAWS § 24.304(1). It does not appear that the Michigan Parole Board has held a hearing on Petitioner's Parole Violation Warrant. Therefore, the Administrative Procedures Act is not presently available to Petitioner.

A prisoner may also attack the decision to revoke his parole by filing a state petition for habeas corpus relief. *See Morales v. Mich. Parole Bd.,* 676 N.W.2d 221, 230 (Mich. Ct. App. 2003); *Hinton v. Mich. Parole Bd.*, 383 N.W.2d 626, 629-30 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus remedy to challenge the revocation of his parole). A prisoner may, at any time, file a state writ of habeas corpus to challenge the revocation of his parole as long as the prisoner will be in custody at the time the judgment becomes effective. *See Triplett*, 371 N.W.2d at 865.

An applicant for habeas corpus relief has not exhausted available state-court remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Because Petitioner may file a petition for state habeas corpus relief, he has at least one available state court remedy. Petitioner has failed to file for any state review of his parole revocation, and accordingly, his claims are not exhausted under 28 U.S.C. § 2254(b)(1).

To the extent Petitioner argues that he has a due process right to the halfway house program, his claim fails.  To establish a procedural due process violation, a petitioner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law.  *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006).  Petitioner does not have a federally cognizable liberty interest in participating in rehabilitative treatment programs.  Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment.  *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)  (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational or educational programs").  Under these authorities, Petitioner has no due process claim arising from the BOP's decision to deny him admission to the halfway house program.

### Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:   __January 8, 2009__         __/s/ Paul L. Maloney_____
                                      Paul L. Maloney
                                      Chief United States District Judge